## Finch *against* M'Dowall.

S. P. Under the 50 dollar act, (sess. 48, ch. 238,) the affidavit for a certiorari need not be made within 30 days after the judgment before the justice; nor [*538] within any particular time. But at the common law, an affidavit is necessary to warrant a certiorari in civil cases.

It is error for a justice to receive the testimony of an interested witness for the plaintiff, with knowledge, at the time, that he is interested; though the proceeding be by attachment, and no objection is raised by the defendant, he being absent.

On certiorari from a justice's court, under the act of April 12th, 1824, (sess. 47, ch. 238.) The affidavit on which the writ was founded, was made more than 30 days after the judgment was rendered.

A motion was, therefore, now made, on the coming in of the justice's return, to quash the writ for irregularity, for that cause among others.

*It was agreed, however, that if the court should be against the motion, the cause should be informally submitted on its merits.

The action below was in behalf of M'Dowall against Finch by attachment; and the justice allowed the plaintiff below to prove his demand, on the hearing, by the one who signed the bond as surety in order to procure the attachment. The defendant below did not appear before the justice at all; but the attorney who afterwards brought the certiorari, being present at the hearing, suggested that the witness was incompetent. The plaintiff below, hereupon, offered to substitute another surety; but the justice disallowed this; and the original surety was then sworn and gave evidence.

*R. N. Morrison*, for the plaintiff in error.

*W. M. Oliver*, contra.

*Curia.* It follows, from the view we took of the statute, (sess. 48, ch. 238,) at the present term, in *Wheeler* v. *Roberts*,(a) that the affidavit for a certiorari under that act, need not be made within any particular time. There is no existing statute which requires any affidavit at all, though this, to be sure, is necessary in civil cases, by the common law. The motion to quash is, therefore, denied.

As to the merits; the justice erred in receiving an interested witness, after his attention had been called to the question, and the interest was apparent, though the defendant below did not appear.

Judgment reversed.

(a) See the next preceding case.